**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| KAREN L. ZAVIAN, *individually and on behalf of those similarly situated*, |
| Plaintiff, |
| vs. |
| TRUEACCORD CORPORATION; CAVALRY SPV I, LLC; and JOHN DOES 1 to 10, |
| Defendants. |

Civil Action No.:

(REMOVAL ACTION)

**NOTICE OF REMOVAL OF**
**CIVIL ACTION FROM STATE COURT**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, TRUEACCORD CORPORATION ("TrueAccord") and CAVALRY SPV I, LLC ("Cavalry") (collectively "Defendants"), hereby remove this action from the Superior Court of the State of New Jersey. As grounds for removal, Defendants state as follows:

1.  Cavalry and TrueAccord are named defendants in the above-entitled action.

2.  On March 28, 2022, the Plaintiff filed a lawsuit captioned *Karen L. Zavian, individually and on behalf of those similarly situated v. TrueAccord Corporation, et al.,* Case No. HUD-L-001045-22, in the Superior Court of New Jersey Law Division Hudson County ("State Court Action"). *A true copy of the Case Summary for the State Court Action is attached hereto as* **Exhibit A**; *a true and correct copy of the Summons and Complaint served upon Cavalry in the State Court Action is attached hereto as* **Exhibit B**.

3.  Cavalry was served with a copy of the Complaint on April 5, 2022. *See **Exhibit B***.

4.  As is required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30

days of receipt of the Complaint by the Defendants.

5.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto. *See, Exhibit B*.

6.    Any civil action filed in a state court over which the Federal District Courts would have original jurisdiction may be removed.  28 U.S.C. § 1441(a).

7.    The above-captioned case is removable because this Court has original subject matter jurisdiction on federal question grounds pursuant to 28 U.S.C. § 1331.

8.    Defendants incorporate the allegations of the Complaint filed in the State Court Action into its Notice of Removal as if repeated herein verbatim and relies upon the allegations of the Complaint for support of the propriety of the Notice of Removal.

9.    As is stated in Plaintiff's Complaint, this case arises under federal law -- more particularly under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq*. *See, Exhibit B*.

10.    Specifically, the Complaint alleges that in communications sent to collect on the Plaintiff's debt the Defendants misrepresented that the debt was legally enforceable when it was not and also that the Defendants impermissibly conveyed information regarding the Plaintiff's status as a debtor to a third-party to facilitate the sending of communications in issue. *Exhibit B*, ¶¶ 37-40, 45, 46.

11.    The Third Circuit Court of Appeals has held that the alleged disclosure of a consumer's status as a debtor "cause[s] a concrete injury in fact under the FDCPA." *Morales v. Healthcare Revenue Recovery Grp., LLC*, 859 F. App'x 625, 628 (3d Cir. 2021); *accord*, *Exhibit B*, ¶¶ 45, 46.

12.    Similarly, allegations that a debt collection communication is misleading for

falsely implying that a debt is legally enforceable when the statute of limitations has expired is sufficient to allege a concrete harm for purposes of Article III standing. *See, e.g., Blaha v. First Nat'l Collection Bureau, Inc*., No. 16-cv-2791 (WHW)(CLW), 2016 U.S. Dist. LEXIS 157575 (D.N.J. Nov. 10, 2016), *accord*, ***Exhibit B***, ¶¶ 37-40.

13.    Accordingly, this case can be properly removed to this Court pursuant to 28 U.S.C. § 1331 because federal question jurisdiction exists, and this Court has subject matter jurisdiction. *See, Id.*

14.    Under the provisions of 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the Federal Court for the district and division embracing the place where the State Court Action is pending (*i.e.*, Hudson County, New Jersey).

15.    Defendants have complied with all other applicable requirements of 28 U.S.C. § 1446 for removing this action, including giving written notice of the filing of this Notice of Removal to Plaintiff and filing a copy of the Notice of Removal with the clerk of the Superior Court of New Jersey Law Division Hudson County at or about the same time as this filing.

WHEREFORE, Defendants, TrueAccord Corporation and Cavalry SPV I, LLC, give notice that this action is hereby removed from the Superior Court of New Jersey Law Division Hudson County to the United States District Court for the District of New Jersey.

Respectfully submitted,

**MAURICE WUTSCHER, LLP**

*/s/ Shannon Miller*
Shannon Miller
10 W. Front Street
Media, PA 19063
(215)789-7151
*Attorneys for Defendants*
*Cavalry SPV I, LLC &*
*TrueAccord Corporation*

3

Dated: May 5, 2022